**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BLAINE RUMSEY, on behalf of
himself and others similarly situated,

       Plaintiff,

v.                                         CASE NO.:

SUPERIOR SCHOOLS CORPORATION,
a Florida Profit Corporation, and
STEVE CHRISTOPOULOS,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLAINE RUMSEY ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, SUPERIOR SCHOOLS CORPORATION and STEVE CHRISTOPOULOS (collectively, "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2.    Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3.    At all times material, Plaintiff was/is a resident of Pinellas County, Florida.

4.     At all times material, Defendant, SUPERIOR SCHOOLS CORPORATION, was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 2045 Palmetto Street, Bldg B, Clearwater, FL 33765.

5.      At all times material, Defendant, STEVE CHRISTOPOULOS, was/is a resident of Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.     Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

7.     At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

8.     At all times material, Individual Defendant, STEVE CHRISTOPOULOS, was Corporate Defendant's President and C.E.O and maintained operational control of its enterprise, including over the terms and conditions of Plaintiff's employment.

9.     Plaintiff was an employee of Defendants under the FLSA.  Plaintiff was employed by Defendants from April 2014 through August 2016 as an IT Support Specialist.

10.    Plaintiff and the three other IT Support Specialists reported to the Chief Technology Officer, Joseph Christoff, and to President and C.E.O STEVE CHRISTOPOULOS.

11.    This action is brought under the FLSA to recover unpaid overtime

compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as IT Support Specialists and not paid overtime compensation, and for retaliation.

12.     Plaintiff and others similarly situated were employees of Defendants under the FLSA.

13.     Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

14.     The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were not paid minimum wages and/or were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

15.     Defendants failed to keep accurate time records as required by the FLSA.  Accordingly, Plaintiff, and all others similarly situated, are required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct.  The burden then shifts to the Defendants to overcome this presumption.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

16.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

17.     Plaintiff has been required to retain the undersigned counsel to

represent him in this action and is obligated to pay them a reasonable fee for their services.

18.     During his employment, Plaintiff complained to management, including Defendant's President and C.E.O STEVE CHRISTOPOULOS, objecting to Defendants' failure to properly pay overtime compensation.

19.     Immediately after Plaintiff objected to the unlawful pay practices, Defendants terminated Plaintiff's employment in retaliation for his protected activity under the FLSA and directed Defendant's new IT contractor not to hire Plaintiff, directly causing Plaintiff not to be hired.

## COUNT I
## OVERTIME – FLSA

20.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

21.     During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

22.     Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

23.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the

amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## RETALIATION – FLSA

24.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

25.     Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

26.     By filing a complaint about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

27.     By being discharged and by Defendant directing its new IT contractor to not hire Plaintiff, Plaintiff suffered an adverse action by Defendants immediately subsequent to his protected activity.

28.     Plaintiff's termination and other adverse employment actions were directly caused by, and was a result of, his protected activity.

29.     By discharging Plaintiff and otherwise imposing adverse employment actions upon him because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 USC § 215(a).

30.   Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i)     Economic damages, including lost wages, benefits, and other remuneration;

(ii)    Reinstatement of full fringe benefits;

(iii)   Front and back pay;

(iv)    Liquidated damages;

(v)     Any other compensatory damages allowable under the law;

(vi)    Attorneys' fees and costs pursuant to the FLSA;

(vii)   Emotional distress damages;

(viii)  Punitive damages;

(ix)    Prejudgment and post-judgment interest; and

(x)     Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 30th day of August, 2016.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza

200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
shelley@theFLlawfirm.com
*Attorneys for Plaintiffs*