**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BLAINE RUMSEY, on behalf of himself and**
**others similarly situated,**

       **Plaintiff(s),**

v.                                                            Case No. 8:16-cv-02535-VMC-JSS

**SUPERIOR SCHOOLS CORPORATION,**
**A Florida Profit Corporation, and**
**STEVE CHRISTOPOULOS,**

       **Defendants.**
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**
**AND DISMISS CASE WITH PREJUDICE**

Plaintiff, Blaine Rumsey ("Plaintiff"), and Defendants, Superior Schools Corporation ("Superior") and Steve Christopoulos ("Christopoulos") (Superior and Christopoulos shall be referred to collectively as "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state the following in support hereof:

    1.    In his Complaint, Plaintiff alleges that Defendants employed him, misclassified him as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and terminated him and directed Superior's new IT contractor not to hire Plaintiff in retaliation for Plaintiff's alleged complaint about unlawful pay practices under the FLSA.  Defendants deny Plaintiff's allegations and specifically assert that (1) Christopoulos did not employ Plaintiff, (2) Superior properly classified Plaintiff as exempt from the overtime requirements of the FLSA, (3) Plaintiff was properly paid for all hours worked and is not entitled to receive any additional compensation, (4) Plaintiff's termination had nothing to do

with any alleged protected activity under the FLSA, but instead was due to Superior having retained a new IT contractor, and (5) Defendants did not direct the new IT contractor not to hire Plaintiff.

2.      Throughout the course of this litigation, the parties disagreed as to Plaintiff's classification under the FLSA, how many hours Plaintiff spent performing services for Defendants, and the facts surrounding Plaintiff's termination and non-hire by Superior's new IT contractor.  Based upon the defenses, Plaintiff potentially may not have recovered anything had this litigation continued, his recovery could have been less than what is claimed, or he may have owed a cost judgment to the Defendants.  On the other hand, Defendants may potentially have failed on all defenses and been indebted to Plaintiff for a judgment, in part or in whole, which potentially could include liquidated damages and attorney's fees.  Consequently, recognizing the inherent uncertainty in proceeding with this action, the investment of additional time to continue to litigate this case, the preoccupation of litigation, and the additional expenditure of fees and costs that will accrue, and with the assistance of mediator Mark Hanley, Plaintiff and Defendants were able to reach a resolution of this matter.  Defendants agreed to pay Plaintiff $9,500.00 in alleged damages, allocated as follows: $3,333.33, less applicable withholdings, in resolution of Plaintiff's claim for alleged back wages, $3,333.33 in resolution of Plaintiff's claim for liquidated damages, and $2,833.34 in resolution of Plaintiff's claim of alleged retaliation.  The parties separately negotiated Plaintiff's attorneys' fees and costs in the amount of $5,123.00.

3.      The parties' Settlement Agreement is attached as **Exhibit A**.  The parties submit that the settlement is a reasonable compromise of Plaintiff's alleged claims.

2

4.       The amount paid to Plaintiff is not compromised by the amount of attorneys' fees being paid.  Plaintiff and Defendants separately negotiated the amount of Plaintiff's attorney's fees.  *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (holding that with respect to attorneys' fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff.").

## Memorandum of Law

**I.      Legal Standard**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

**II.     Analysis**

Defendants clearly dispute Plaintiff's claims and whether he is entitled to any recovery at all.  All parties have been represented by experienced employment counsel throughout this litigation.  The parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the parties or counsel for the parties.  The parties' respective attorneys, who are experienced in employment law, have zealously represented their clients'

interests since the commencement of this litigation. The Agreement guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the parties engage in discovery, dispositive motions, a trial and possible appeal. The Settlement Agreement further allows the parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

The parties are satisfied and jointly represent to the Court that the Agreement fairly resolves the dispute between them in the instant action regarding Plaintiff's claim for allegedly unpaid wages under the FLSA. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).[1] Here, Plaintiff represents that the settlement fairly and reasonably compensates Plaintiff for his alleged claims against Defendants. In addition, the attorney's fees and costs portion of the settlement was negotiated separately so that it did not compromise Plaintiff's recovery. *See Bonetti*, 715 F. Supp. 2d at 1222. The parties stipulate to the dismissal with prejudice of the instant action upon court approval. Accordingly, the parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc*. at 1354.

---

[1] While the parties' settlement agreement also resolves Plaintiff's claim alleging retaliation under the FLSA, the resolution of that claim does not require court approval, as "the weight of authority holds that FLSA retaliation claims do not require a supervised settlement." *Frattallone v. Black Diamond Coating, Inc.*, No. 8:14-cv-2818-T-33TBM, 2015 WL 476193 (M.D. Fla. Feb. 5, 2015) (internal citations omitted). *See also Yost v. Wyndham Vacation Resorts, Inc.,* No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), report and recommendation adopted, No. 6:10-CV-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012) (*Lynn's Food* only requires compromises of back wage claims to be presented to court, not settlement of other claims such as retaliation).

## **Conclusion**

WHEREFORE, Plaintiff, Blaine Rumsey, and Defendants, Superior Schools Corporation and Steve Christopoulos, jointly move this Court to approve the Settlement Agreement attached hereto as Exhibit A and to dismiss the case with prejudice.

RESPECTFULLY SUBMITTED, this 16th day of February, 2017.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| | /s/  Ashwin R. Trehan |
| /s/ Jay P. Lechner | Todd S. Aidman |
| Jay P. Lechner | Florida Bar No. 173029 |
| Florida Bar No. 0504351 | taidman@fordharrison.com |
| lechnerJ@theFLlawfirm.com | Ashwin R. Trehan |
| shelley@theFLlawfirm.com | Florida Bar No. 0042675 |
| **Whittel & Melton, LLC** | atrehan@fordharrison.com |
| One Progress Plaza | **Ford & Harrison LLP** |
| 200 Central Avenue, #400 | 101 E. Kennedy Boulevard, Suite 900 |
| St. Petersburg, Florida 33701 | Tampa, Florida 33602 |
| Telephone:  (727) 822-1111 | Telephone: (813) 261-7800 |
| Facsimile:  (727) 898-2001 | Facsimile:  (813) 261-7899 |
| | |
| Counsel for Plaintiff | Counsel for Defendants |

WSACTIVELLP:8951443.1