UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAINE RUMSEY, on behalf of
Himself and others similarly
Situated,

    Plaintiff,

v.                            Case No. 8:16-cv-2535-T-33JSS

SUPERIOR SCHOOLS CORPORATION,
a Florida Profit Corporation,
and STEVE CHRISTOPOULOS,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice (Doc. # 32), filed on February 16, 2017. The Court grants the Motion.

**I.   Background**

Plaintiff Blaine Rumsey filed this Fair Labor Standards Act case against his former employer on August 31, 2016, alleging violations of the overtime and retaliation provisions of the FLSA. (Doc. # 1). On October 7, 2016, the Court issued its FLSA Scheduling Order (Doc. # 8) and Order referring the case to mediation. (Doc. # 9). Defendants Superior Schools Corporation and Steve Christopoulos filed

1

their Answer on September 30, 2016. (Doc. # 5). Rumsey filed his Answers to the Court's Interrogatories on November 8, 2016. (Doc. # 14). Superior Schools filed a Verified Summary on December 2, 2016. (Doc. # 19).

On January 23, 2017, the parties reached a mediated settlement. (Doc. # 26). At the Court's direction, the parties seek approval of the settlement. (Doc. # 27).

## II. Analysis

Rumsey alleges that Superior Schools and Christopoulos violated the overtime and retaliation provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Rumsey will receive $3,333.33 for unpaid wages, $3,333.33 in liquidated damages, and $2,833.34 as compensation for Rumsey's retaliation claim. (Doc. # 32 at 2). It has also been agreed that Rumsey's counsel will receive $5,123.00 in attorney's fees and costs. (Id.).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Rumsey for alleged FLSA violations. (Id.). Pursuant to Bonetti v. Embarq

2

<u>Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice (Doc. # 32) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

(3)   The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of February, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE